IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOL M. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No.  2:22-CV-0818-TLN-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment has been entered.  Pending before the Court is Plaintiff's counsel's motion for fees and expenses under the Equal Access to Justice Act (EAJA).  See ECF No. 20.  Defendant has filed an opposition.  See ECF No. 21.  Plaintiff's counsel has filed a reply.  See ECF No. 22. In the initial motion, counsel seeks an award of $13,194.93 in attorney's fees and $113.12 in expenses.  In the reply brief, Plaintiff's counsel seeks an additional $2,638.98 in fees and an additional $82.50 in expenses.  Counsel seeks a total award under the EAJA of $15,833.91 in attorney's fees and $195.62 in expenses.

/ / /

/ / /

## I. STANDARDS FOR EAJA MOTION

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the Court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The Court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. The "court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). A reduction of more than 10% requires specific findings regarding the unreasonableness of the amount reduced. See id.

Finally, in most cases fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

## II. DISCUSSION

In opposition to Plaintiff's counsel's motion, the Commissioner argues: (1) the time claimed to prepare the briefs on the merits in the District Court is unreasonable due to the size of the transcript, lack of complexity of issues, and because counsel engaged in block-billing; (2) the time claimed to prepare the pending EAJA motion is unreasonable; (3) counsel cannot recover for clerical tasks billed at the attorney rate; (4) the Court should not allow additional fees for a reply in support of counsel's EAJA motion. See ECF No. 21. Deducting $2,157.49 for merits briefing, $1,064.85 for the EAJA motion, and $300.94 for clerical hours, the Commissioner proposes that a reasonable fee for this case should be $9,671.65. See id.

///

///

///

A. **<u>Preparation of Merits Briefing</u>**

The Commissioner raises two primary objections to Plaintiff's counsel's billing related to preparation of merits briefing in this Court. <u>See</u> ECF No. 21. First, the Commissioner contends that the timesheets supplied by Plaintiff's counsel contain block-billing. <u>See id.</u> at 4-5. Second, the Commissioner argues that, given the size of the record in this case, the lack of complexity of the issues presented, and the resolution by way of a stipulated voluntary remand, the hours sought by counsel are not reasonable. <u>See id.</u> at 3-4, 5-6. The Commissioner asks the Court to reduce the hours claimed for preparation of merits briefing by 20%, resulting in a reduction of $2,157.49. <u>See id.</u> at 6.

1. <u>Block Billing</u>

"'Block billing' is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" <u>Welch v. Metro. Life Ins. Co.</u>, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting <u>Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.</u>, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)). Because block billing "makes it more difficult to determine how much time was spent on particular activities," lumping together multiple distinct tasks under one line item "mak[es] it impossible to evaluate their reasonableness," <u>see id.</u> (quoting <u>Role Models Am., Inc. v. Brownlee</u>, 353 F.3d 962, 971 (D.C. Cir. 2004)). Furthermore, the California State Bar's Committee on Mandatory Fee Arbitration has concluded that block billing may inflate billed time by 10% to 30%, <u>see</u> <u>Welch</u> at 948 (citing the State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01 (2003)). A district court "may properly impose a reduction for block billing, but it should 'explain how or why . . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format." <u>Id.</u> (citing <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1146 (9th Cir. 2001)).

The Commissioner challenges 46.6 hours claimed by Plaintiff's counsel to review the administrative record, perform legal research, and prepare Plaintiff's opening brief on the merits. <u>See</u> ECF No. 21, pg. 5. According to the Commissioner, this time has been accounted for in block billing format. <u>See id.</u> at 4-5. The Court does not agree that Plaintiff's counsel has

4

engaged in block billing. Plaintiff's counsel's timesheets for this case have been submitted at ECF No. 20-1, pgs. 8-15. Block billing is the practice of aggregating multiple different tasks in a single entry. Plaintiff's counsel has done just the opposite. A review of Plaintiff's counsel's timesheets shows that she documented one task at a time and did not group multiple different tasks for the same entry.

The chart provided by the Commissioner in the opposition brief related to the challenged hours for record review of preparation of the opening brief is illustrative. The Commissioner's opposition brief presents the following chart of the challenged hours:

| Date | Description | Time |
|---|---|---|
| 9/7/2022 | Reviewed Admin. Record | 0.5 |
| 9/8/2022 | Reviewed Admin. Record | 1.8 |
| 9/9/2022 | Reviewed Admin. Record | 1.8 |
| 9/12/2022 | Draft MSJ | 2.2 |
| 9/21/2022 | Draft MSJ | 3.8 |
| 9/22/2022 | Draft MSJ | 3.5 |
| 9/24/2022 | Draft MSJ | 2.9 |
| 9/26/2022 | Draft MSJ | 3 |
| 9/26/2023 | Westlaw legal research for MSJ | 2.5 |
| 10/1/2022 | Draft MSJ | 4.5 |
| 10/2/2022 | Draft MSJ | 5 |
| 10/3/2022 | Draft MSJ | 5.8 |
| 10/4/2022 | Draft MSJ | 6.7 |
| 10/5/2022 | Draft & Finalized MSJ | 2.6 |
| **TOTAL** | | 46.6 |

Here, each time entry documents a unique and discreet task. It is very easy for the Court to determine precisely what was done, when, and for how long. The Court does not find that a reduction is warranted owing to block billing.

        2.        <u>Reasonableness of Time Billed</u>

The Commissioner asserts that, given the size of the record in this case (666 pages), as well as the lack of complexity of the issues raised by Plaintiff, as shown by limited time for legal research (2.5 hours), as well as counsel's experience, the Court should reduce the time counsel billed to prepare the opening merits brief by 20% to 37.28 hours, for a reduction of $2,157.49. See ECF No. 21, pgs. 4-6.

At the outset, the Court notes that, although the case was ultimately resolved by way of a stipulated voluntary remand, the Commissioner did not so stipulate until <u>after</u> Plaintiff's counsel had reviewed the record, conducted legal research, and filed Plaintiff's opening brief on the merits. The merits opening brief was filed on October 5, 2022, <u>see</u> ECF No. 14, and the stipulated voluntary remand was filed on November 15, 2022, <u>see</u> ECF No. 15. Thus, the mere fact that this matter resulted in a voluntary remand is not a valid reason to disallow fees associated with necessary preparation of the opening brief.

As to the size of the record, at a good clip of one page per minute, it would have taken 11.1 hours to review the 666-page record in this case. Plaintiff's counsel's timesheets show that she spent a total of 4.1 hours on this task. <u>See</u> ECF No. 20-1, pg. 9 (time entries for September 7, 2022, September 8, 2022, and September 9, 2022). The Court does not find that counsel's time for record review should be reduced as excessive.

Finally, as to time to prepare the merits opening brief, including legal research, Plaintiff's counsel spent a total of 42.5 hours on this task. <u>See</u> ECF No. 20-1, pg. 10. These hours are reflected in the challenged time entries between September 12, 2022, and October 4, 2022, shown in the chart above. Plaintiff's merits brief was 43 pages in length covering five substantive issues, several with multiple sub-issues. <u>See</u> ECF No. 14. Again, the stipulated voluntary remand did not obviate the need to prepare a thorough merits brief because the stipulation was presented <u>after</u> the brief had been filed. Nonetheless, the Court somewhat agrees with the Commissioner that 42.5 hours is excessive given that, as the Commissioner asserts, the legal issues briefed are not overly complex, as shown by the limited time (2.5) hours required to conduct legal research. Subtracting the 2.5 hours for legal research, the Court will recommend that the Court exercise its discretion to reduce the remaining 40 hours for preparation of the merits opening brief by 10% (4 hours), for a reduction of $925.96 at Plaintiff's counsel's rate of 231.49 per hour.

      **B.**    **Clerical Tasks**

The Commissioner contends that Plaintiff's counsel has billed 1.3 hours for clerical tasks for which she cannot recover. <u>See</u> ECF No. 21, pgs. 7-8. The time entries at issue

are dated April 26, 2022, May 12, 2022, May 24, 2022, June 10, 2022 (two entries), June 29, 2022, and January 5, ,2023.  See id. at 8.  The Commissioner asks that the Court disallow all of this time, resulting in a reduction of $300.94.  See id.

Secretarial and clerical tasks are "generally subsumed in a law firm's overhead rather than separately charged to the firm's clients." Delgado v. Colvin, No. 1:09-cv-01819 GSA, 2014 U.S. Dist. LEXIS 74301, at *24 (E.D. Cal. May 30, 2014) (citing Reyna v. Astrue, 2011 U.S. Dist. LEXIS 139977, 2011 WL 6100609 at *2 (E.D. Cal. Dec. 6, 2011)); see also Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989), Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009). Consequently, "hours spent on tasks that would normally not be billed to a paying client," as well as "those hours expended by counsel on tasks that are easily delegable to nonprofessional assistance," are not compensable under the EAJA. Reyna, 2011 U.S. Dist. LEXIS 139977, at *5 (quoting Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 553 (7th Cir. 1999)); see also Neil v. Comm'r of Soc. Sec., 495 F. App'x 845, 847 (9th Cir. 2012) (unpublished) (district court properly denied EAJA fees for tasks such as filing documents and preparing and serving summons); Barker v. Comm'r of Soc. Sec. Admin., 2019 WL 6893013, at *2 (D. Ariz. 2019) ("Preparing a summons is usually a clerical task" as is preparation of a boilerplate complaint); Bailey ex rel. Pace v. Colvin, 2013 WL 6887158, at *4 (D. Or. 2013) (drafting and filing a complaint, service of process, and in forma pauperis applications clerical tasks not compensable under the EAJA); Cathey v. Comm'r of Soc. Sec., 2013 WL 1694950, at *8 (reviewing a notice of lodging of the administrative transcript, reviewing an acknowledgement of receipt of the transcript, and reviewing certified mail receipts are clerical tasks); Hicks v. Comm'r of Soc. Sec., 2019 WL 2537953, at *3 (E.D. Cal. 2019) (reducing "time spent on purely clerical or secretarial tasks such as receiving and reviewing routine notices and filings, and preparing documents for mailing").

The time entries challenged by the Commissioner are as follows:

| Date | Description | Time |
|---|---|---|
| 4/26/2022 | Drafted docs for representation | 0.6 |
| 5/12/2022 | Drafted complaint & civil cover sheet | 0.2 |
| 5/24/2022 | Reviewed Court's Order re IFP | 0.1 |

7

| | | |
|---|---|---|
| 6/10/2022 | Reviewed docs from Court | 0.1 |
| 6/10/2022 | Prepare summons & complaint for service on AG | 0.1 |
| 6/29/2022 | Prepare consent/decline Mag. Juris. | 0.1 |
| 1/5/2023 | Reviewed stip for voluntary remand filed by SSA | 0.1 |
| **TOTAL** | | 1.3 |

The Court does not agrees with the Commissioner that these entries show tasks which are largely clerical in nature. The tasks designated are consistent with counseled legal services, and are not appropriately characterized as "clerical" in nature, such as transcription or filing. No deduction is appropriate here.

### C. EAJA Fees Motion

In connection with the pending EAJA fees motion, the Commissioner argues that the time spent by Plaintiff's counsel in preparing the motion is unreasonable. The Commissioner also argues that counsel should not be able to recover additional fees for time spent preparing a reply in response to the Commissioner's opposition and in support of the EAJA fees motion.

#### 1. Preparation of Motion

The Commissioner contends that the six hours claimed by Plaintiff's counsel for preparation of the pending EAJA fees motion is unreasonable and that only two hours should be allowed, resulting in a reduction of $1,064.85. See ECF No. 21, pgs. 6-7. According to the Commissioner:

> Plaintiff's counsel spent an hour compiling her EAJA time and submitting it to the Commissioner. After the parties could not agree, counsel then spent five additional hours drafting her EAJA motion. There is no justification for counsel needing to spend an additional five hours on her EAJA motion after counsel already compiled her hours to negotiate with the Commissioner, and the request exceeds what has been deemed reasonable in this district. *Stairs v. Astrue*, No. 1:10-CV-0132-DLB, 2011 WL 2946177, at *3 (E.D. Cal. July 21, 2011) (reducing time allocated to preparation of EAJA motion to 0.5 hours), *aff'd Stairs v. Comm'r of Soc. Sec.*, 522 Fed. Appx. 385 (9th Cir. 2013); *Forsythe v. Astrue*, No. 1:10-CV-1515-AWI-GSA, 2013 WL 1222032, at *5 (E.D. Cal. Mar. 25, 2013) (awarding 0.5 hours for preparing EAJA fee documents); *Reyna v. Astrue*, No. 1:09-CV-00719-SMS, 2011 WL 6100609, at *4 (E.D. Cal. Dec. 6, 2011) (reducing time allocated to preparation of EAJA proposal to one hour).
>
> ECF No. 21, pgs. 6-7.

Citing Hill v. Comm'r of Soc. Sec., 428 F. Supp. 3d 253, 265-66 (E.D. Cal. 2019), the Commissioner states that Plaintiff's counsel "has already [been] admonished. . . for unreasonable fee requests for her EAJA motions." ECF No. 21, pg. 7.

Plaintiff's counsel's timesheets reflect that, on January 18, 2023, counsel billed one hour for preparation of a letter and attachments to defense counsel regarding a potential agreed settlement of the EAJA issue. See ECF No. 20-1, pg. 10. After a settlement was not reached, counsel then spent another five hours on February 8, 2023, to draft and finalize the formal EAJA motion now pending. See id. The Commissioner appears to challenge only the five hours spent after a settlement was not reached as excessive over the one hour previously spent on the letter and attachments to defense counsel. The Commissioner suggests that a total of two hours should be allowed.

The Court generally agrees with Plaintiff's counsel that the cases cited by the Commissioner have been cherry-picked to show those cases, including Hill, in which only an hour or less was allowed for an EAJA fees motion. In the reply brief, counsel cites to Soldwisch v. Saul, 487 F. Supp. 3d 391 (S.D. Cal. 2020), which awarded Plaintiff's counsel the full 7.5 hours requested for an EAJA motion. See ECF No. 22, pg. 11. Of the five hours billed after the parties could not reach an EAJA settlement, the Court will nonetheless recommend a 10% discretionary reduction of 0.5 hours, or $115.75.

### 2. Reply

The Commissioner argues that the Court should not allow fees for a reply in support of counsel's EAJA fees motion "[i]f the Court agrees with the Commissioner's arguments in this Opposition. . . ." ECF No. 21, pg. 8. According to the Commissioner, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." Id. (quoting INS v. Jean, 496 U.S. 160, 163 n.10 (1990)).

Here, Plaintiff's counsel has not failed to prevail on litigation of fees. As explained above, the Court finds that Plaintiff's counsel is entitled to a reduced EAJA award in this case. The Commissioner concedes as much in suggesting that a reasonable award would be

$9,671.65.  See ECF No. 21, pg. 9.  The Court does not recommend that the time spent preparing a reply in response to the Commissioner's opposition and in support of the EAJA motion be disallowed.

### III.  CONCLUSION

Plaintiff's counsel asks that any award under the EAJA be paid directly to her and not to Plaintiff.  Counsel is not normally entitled to direct receipt of fees under the EAJA, so that the government may offset the payment with the plaintiff's debt.  See Astrue v. Ratliff, 560 U.S. 586, 598 (2010).  Since the decision in Ratliff, many courts in this district have authorized payment of fees under the EAJA directly to Plaintiff's counsel.  See e.g., Nobles v. Berryhill, 2017 U.S. Dist. LEXIS 172075 (E.D. Cal. 2017), Alvarado v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 118354 (E.D. Cal. 2018), Blackwell v. Astrue, 2011 U.S. 35744 (E.D. Cal 2011).  These payments directly to counsel are based upon the government's discretionary ability to reject assignment of any claims against it to third parties under the Anti-Assignment Act.  See United States v. Kim, 806 F.3d 1161, 1169-70 (9th Cir. 2015).  This discretionary ability to reject assignment of claims "applies to an assignment of EAJA fees in a social security appeal." Yesipovich v. Colvin, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).  Plaintiff's counsel furnished an agreement with Plaintiff providing she would be paid any EAJA fees directly, minus any offset due to any potential outstanding debt by Plaintiff.  See ECF No. 20-2.  As the government has not challenged this assignment, it may still offset any of Plaintiff's debt, and may discretionally reject the assignment, EAJA fees should be made payable to counsel.

Plaintiff's counsel has requested a total award under the EAJA of $15,833.91 in attorney's fees and $195.62 in expenses.  The Commissioner does not challenge the amount requested in expenses, which should be awarded.  Of the amount requested for attorney's fees, the Court finds the following reductions are appropriate: (1) $925.96 for preparation of the opening merits brief; and (2) $115.75 for preparation of the EAJA motion. This results in total reductions

of $1041.71, for a recommended award of $14,792.20 plus 195.62 in expenses, or a total of $14,987.82 in EAJA fees.

Based on the foregoing, the undersigned recommends as follows:

1. Plaintiff's motion for an award of fees under the EAJA, ECF No. 20, be GRANTED in part.

2. Plaintiff be awarded $14,792.20 in fees plus $195.62 in expenses, payable to Plaintiff's counsel subject to any offset of debts.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 2, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE